**WO** NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

OrthoAccel Technologies Incorporated,

Plaintiff,

v.

Propel Orthodontics LLC, *et al.*,

Defendants.

No. MC-16-00071-PHX-JJT

**ORDER**

At issue are Movant Dr. Thomas Shipley's Motion to Quash Third-Party Subpoena (Doc. 1), to which Respondent OrthoAccel Technologies, Inc. filed a Response (Doc. 4), and Movant filed a Reply (Doc. 8), as well as Respondent's Motion to Transfer to the Eastern District of Texas (Doc. 5), to which Movant filed a Response (Doc. 9), and Respondents filed a Reply (Doc. 10).

## I. BACKGROUND

On May 24, 2016, Respondent filed a lawsuit in the Eastern District of Texas alleging Lanham Act Trademark Infringement claims against Propel Orthodontics, LLC, and others. *See OrthoAccel Tech., Inc. v. Propel Orthodontics, LLC, et al.*, Case No. 4:16-cv-00350 (E.D. Tex. 2006). Respondent seeks both preliminary and permanent injunctions in that action.

On August 19, 2016, Respondent served a third-party subpoena under Federal Rule of Civil Procedure 45 seeking the production of documents and electronically stored information that pertain to the underlying action. (Doc. 2, Ex. A.) Movant is a practicing

dentist with his principal place of business in this District. (Doc. 1 at 2.) On September 2, 2016, Movant filed a Motion to Quash Third-Party Subpoena, alleging that the subpoena violates the Electronically Stored Information ("ESI") Order entered in the underlying action, is invalid under Federal Rule of Civil Procedure 45, is duplicative and unduly burdensome, improperly seeks discovery for unrelated actions, and seeks confidential information. (Doc. 1 at 2-7.) Respondent filed its Response (Doc. 4), before filing its Motion to Transfer (Doc. 5). Respondent also filed a Notice of Action in Related Case informing the Court of other motions to quash related to the underlying action that were transferred to the Eastern District of Texas. (Doc. 7.)

## II. ANALYSIS

Federal Rule of Civil Procedure 45(f) provides that the Court may transfer the Motion to Quash to the Eastern District of Texas, the Court that issued the subpoena, "if the person subject to the subpoena consents or if the [Court] finds exceptional circumstances." The Advisory Committee's note to Rule 45 states that exceptional circumstances include instances in which a transfer is "warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion." Thus, a risk of inconsistent rulings that could disrupt the management of the underlying litigation can be considered an exceptional circumstance. *See Cont'l Auto. Sys., U.S., Inc. v. Omron Auto Elecs., Inc.*, No. 14 C 3731m, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014); *see also Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429-30 (N.D. Cal. 2014) (collecting cases and noting that attempting to circumvent the authority of the presiding judge in the underlying action is an exceptional circumstance contemplated by Rule 45).

Respondent argues that the Motion to Quash should be transferred to avoid inconsistent judgments in multiple districts, that the Eastern District of Texas is familiar with the issues raised in the Motion to Quash, and transfer will not cause any undue burden to Movant. (Doc. 5 at 3-5.) Movant responds that there are no exceptional

circumstances warranting transfer, that he will be burdened by the transfer, and that these factors outweigh any concern regarding inconsistent rulings. (Doc. 9 at 2-8.)

There are currently twelve outstanding subpoenas and accompanying motions to quash pending in ten separate districts. (Doc. 7, Ex. A.) Four of those have been transferred to the Eastern District of Texas, including one filed by a doctor similarly situated to Movant here. (Doc. 10 at 1.) All of the transferring courts have found that exceptional circumstances are present. The Court agrees.

As previously discussed, the parties' briefing indicates that the disputes require consideration and interpretation of Orders issued by the underlying court. Further, the Eastern District of Texas has an understanding of the factual predicates that underlie the information sought by the subpoena and whether such information falls within the purview of the current claim and its Orders. While the Court understands that the non-party subpoena recipients differ from party recipients—as do the issues regarding each, as Movant argues—those issues are nonetheless unique to the underlying case and the Orders issued in that court. Indeed, the majority of Movant's core arguments (that the subpoena violates the ESI Order in the underlying action, is duplicative, and improperly seeks discovery for unrelated actions) require this Court to analyze and rule on Orders and issues in the underlying action.

The issues in dispute regarding the subpoenas are indissolubly intertwined with the underlying case and resolution in this Court—as well as the multitude of other courts where these subpoenas and motions are pending—would require investigation, education, and investment that would otherwise be unnecessary were they decided in the Eastern District of Texas in conjunction with the underlying action. Even after expending such resources, the risk of inconsistent rulings in each jurisdiction, particularly when they are interwoven with the underlying case, is high. In the interests of judicial economy and avoiding inconsistent results, the issuing court is better suited to assess the claims asserted in the Motion to Quash. As a result, the Court agrees with Respondent that this is one of the exceptional circumstances contemplated by Rule 45(f) warranting transfer to

the Eastern District of Texas, the court that is presiding over the underlying action and that issued the subpoena. *See Moon Mountain Farms*, 301 F.R.D. at 429-30; *Cont'l Auto. Sys.*, 2014 WL 2808984, at *2.

While the Court is sympathetic to Movant's contention that, as a non-party, he has not been afforded the disclosure protections of an Order by the Eastern District of Texas (Doc. 9 at 5), it is not convinced that that court will not take appropriate measures to provide Movant the same safeguards as the underlying litigants. As Movant states, both he and his patients are entitled to such protection, and the Court is unpersuaded that a federal court in another jurisdiction will fail to provide adequate protection, if requested.

Finally, the Court also notes that the Advisory Committee suggests that judges in compliance districts "may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions." Fed. R. Civ. P. 45(f). In reaching this decision, the Court is informed by the distinguishable, but related Orders of the Honorable Elizabeth A. Preston Deavers of the Southern District of Ohio and the Honorable Cathy Seibel of the Southern District of New York, both of whom indicated that they communicated with the judge presiding over the underlying action—the Honorable Amos L. Mazzant—and that Judge Mazzant has concurred with the previous transferring courts' reasoning and welcomed the transfer of these various motions. The fact that Judge Mazzant has elsewhere indicated that the Eastern District of Texas will not require the personal appearance of counsel in proceedings regarding the motions to quash further militates in favor of granting Respondent's Motion.

**IT IS THEREFORE ORDERED** granting Respondent's Motion to Transfer (Doc. 5). The Clerk of Court shall take all necessary steps to ensure the prompt transfer of this action to the United States District Court for the Eastern District of Texas.

Dated this 19th day of October, 2016.

Honorable John J. Tuchi
United States District Judge